# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **Wilfred L. Anderson,** ) | **CASE NO. 1: 23 CV 1190** |
| ) | |
| **Plaintiff,** ) | **JUDGE PATRICIA A. GAUGHAN** |
| ) | |
| v. ) | |
| ) | **Memorandum of Opinion and Order** |
| **Judge Peter J. Corrigan,** ) | |
| ) | |
| ) | |
| **Defendant.** ) | |

*Pro se* Plaintiff Wilfred L. Anderson has filed a Non-Prisoner Civil Rights Complaint in this case pursuant to 42 U.S.C. § 1983 against Cuyahoga County Court of Common Pleas Judge Peter J. Corrigan.  (Doc. No. 1.)

Plaintiff's complaint pertains to a judgment Judge Corrigan entered declaring plaintiff to be a vexatious litigator during the course of a civil action plaintiff filed in state court against Luann Mitchell and the Cuyahoga Metropolitan Housing Authority.  *See Wilfred L. Anderson v. Cuyahoga Metropolitan Housing Authority*, Case No. CV-14-820828 (Cuyahoga Cty. Ct. of Comm Pls.).  In his complaint, plaintiff asks the Court to declare the state court judgment declaring him a vexatious litigator void, and to dismiss the state case in its entirety.  (*Id*. at 6, ¶ V.)  He also asks the Court "to remove from all previous cases any dismissal order that was imposed by the vexatious litigator order," and to allow him "to file any new civil cases in state court . . . without the effect of the vexatious litigator order."  (*Id.*)

Plaintiff has been forbidden from proceeding *in forma pauperis* in prior cases he has filed in this district challenging his designation as a vexatious litigator and other rulings in state

cases. *See, e.g., Anderson v. Gallagher*, No. 1:19 CV 1072, 2019 WL 4071647 (N.D. Ohio Aug. 29, 2019); *Anderson v. Luann Mitchell*, 1: 19 CV 1178 (N.D. Ohio Aug. 26, 2020) (summarizing plaintiff's litigation history). Therefore, he paid the filing fee in this case.

Upon review, the Court finds that this action warrants *sua sponte* dismissal.

Federal courts are courts of limited jurisdiction and have a duty to police the boundaries of their subject-matter jurisdiction in every case. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.") A "district court may, at any time, *sua sponte* dismiss [any] complaint for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of [the] complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).

As plaintiff has been repeatedly apprised in prior cases, federal district courts do not have jurisdiction to hear challenges to state court judgments or to interfere with ongoing statecourt cases. *See Anderson*, 1: 19 CV 1178, slip op. at 2. The *Rooker Feldman* doctrine bars district courts from exercising jurisdiction over challenges to state court judgments as well as claims that are "inextricably intertwined" with such judgments. *Catz v. Chalker*, 142 F.3d 279, 293 (6th Cir. 1998). This means that federal courts do not have jurisdiction to grant relief on federal claims that imply that a state court judgment was incorrect. *Pieper v. Am. Arbitration Ass'n*, 336 F.3d 458, 460 (6th Cir.2003); *see also Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 25 (1987) (Marshall, J., concurring) ("Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in

substance, anything other than a prohibited appeal of the state court judgment.").

Here, plaintiff is once again asking the Court to overturn a state court judgment declaring him to be a vexatious litigator and/or to interfere with or overturn dismissal or other orders of Ohio courts. This Court lacks jurisdiction to do so.

### Conclusion

Accordingly, this action is dismissed for lack of subject-matter jurisdiction in accordance with Federal Rules of Civil Procedure 12(b)(1) and 12(h)(3). The Court further certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 9/20/23